# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LADARRELLE RHAMEK DIXON,

    Plaintiff,

v().

KING & PRINCE SEAFOOD
CORPORATION; MICHAEL ALEXANDER;
WILLIAM FRAZIER; JOHN BACHE;
RELIASTAR LIFE INSURANCE
COMPANY; and VOYA FINANCIAL,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-127

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court for review of Plaintiff's *pro se* Complaint and Motions to Proceed *in Forma Pauperis*. After review, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis* in this Court. (Docs. 3, 7.) The Court **GRANTS** Plaintiff's Motion to Amend and Supplement, (doc. 8), and **DIRECTS** the Clerk of Court to enter Plaintiff's Amended Complaint as a separate docket entry upon the record of this case.[1] However, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendants Reliastar Life Insurance Company ("Reliastar") and Voya Financial ("Voya") and all of Plaintiff's putative state law claims. The Court should also **DISMISS** all of Plaintiff's Title

---

[1] Plaintiff's Amended Complaint supersedes his original Complaint. Wimberly v. Broome, No. 6:15-CV-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016), *report and recommendation adopted*, No. 6:15-CV-23, 2016 WL 3360521 (S.D. Ga. June 14, 2016) (citing Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); and Varnes v. Local 91, Glass Bottle Blowers Ass'n, 614 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.")).

VII and Americans with Disabilities Act claims for failure to state a claim. Additionally, I **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis* and **DIRECT** the Clerk of Court to **CLOSE** this case.

## BACKGROUND

On September 14, 2016, Plaintiff filed this action, *pro se*, pursuant to 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. §§12101, *et seq.*, the Americans with Disabilities Act ("ADA"), alleging employment discrimination and failure to accommodate for an alleged disability. (Doc. 1.) Concurrent with his Complaint, Plaintiff filed a Motion to Proceed *in Forma Pauperis*. (Doc. 3.) Plaintiff then filed another Motion to Proceed *in Forma Pauperis* on September 22, 2016. (Doc. 7.) Plaintiff also filed his Motion to Amend and Supplement his Complaint, along with his Amended Complaint. (Docs. 8, 8-1.)

Plaintiff asserts in his Amended Complaint that he informed his supervisor, Mr. Bache, he needed to have time off from work to have his tonsils removed. (Doc. 8-1, p. 5.) Plaintiff contends Defendant Bache slandered him by stating Plaintiff is a homosexual. Approximately a month and a half after Plaintiff returned to work, he states he was terminated from his position with King & Prince Seafood based on an alleged safety violation. (Id.) However, Plaintiff contends he never received any previous warnings or write-ups regarding alleged safety violations. (Id. at p. 6.) Plaintiff avers he suffered emotional distress and depression due to Defendant Bache's defamation of character and false accusations and the termination of his employment by Defendants Bache and Frazier. Plaintiff maintains Defendants King & Prince, Alexander, Frazier, and Bache discriminated against him under Title VII and the ADA because, upon his return to work after having his tonsils removed, he was subjected to harassment based on a perceived disability of having human immunodeficiency virus ("HIV") and sexually transmitted diseases ("STDs"). (Id. at p. 25.) Plaintiff further states Defendants Reliastar and

Voya discriminated against him based on his termination and have not paid for his hospitalization, even though he paid his insurance premiums. (Id. at p. 7.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the

3

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Claims Against Defendants Reliastar and Voya

Plaintiff seeks damages for discrimination for the alleged wrongful denial of insurance benefits against Defendants Reliastar and Voya. (Doc. 8-1, p. 8.) However, Plaintiff's claims against Defendants Reliastar and Voya are not related to his Title VII or ADA claims against the other named Defendants. A plaintiff may not join claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Plaintiff seeks compensation against Defendants King & Prince,

4

Alexander, Frazier, and Bache based on allegations that these Defendants discriminated against Plaintiff in the employment context, whereas Plaintiff seeks compensation against Defendants Reliastar and Voya based on Plaintiff's contentions that these two Defendants improperly denied him insurance benefits. Plaintiff's claims against these two separate groups of Defendants are not related to each other, as his claims do not "arise out of the same transaction, occurrence, or series of transactions or occurrences". Consequently, the Court should **DISMISS** Plaintiff's claims against Defendants Reliastar and Voya **WITHOUT PREJUDICE**.[2]

## II. Plaintiff's Federal Claims Against Defendants Alexander, Frazier, and Bache

In addition to his former employer, King & Prince Seafood, Plaintiff sues Michael Alexander, the owner of King & Prince Seafood; William Frazier, the Human Resources Manager of the company; and John Bache, the company's Sanitation Supervisor. As an initial matter, Plaintiff makes no allegation against Defendants Alexander and Frazier. Though Plaintiff states Frazier notified Plaintiff that his "job had been terminated", Plaintiff does not allege that Frazier held any discriminatory animus toward Plaintiff. (Doc. 8-1, p. 5.)

Moreover, Plaintiff cannot sue these individual Defendants under Title VII or the ADA. In Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991), the Eleventh Circuit Court of Appeals concluded that individual capacity suits were not appropriate under Title VII. The court looked to the statutory language of Title VII, concluding that the Act only applied to violations by employers, as defined by the statute. 931 F.2d at 772. The Court held, therefore, that Title VII precluded liability for violations by individuals. Id. ("The relief granted under Title VII is

---

[2] Additionally, Plaintiff does not indicate the legal grounds for his claims against Defendants Reliastar and Voya. While the Court construes the pleadings of *pro se* parties liberally, a district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005). Moreover, to the extent Plaintiff's claims are based in state law, it appears this Court has no jurisdiction to hear those claims. Section 1367(a) of Title 28 of the United States Code provides a federal court with supplemental jurisdiction over claims that are so related to a plaintiff's federal claims that they form part of the same case or controversy. Again, Plaintiff's claims against Reliastar and Voya are not related to his claims against the other named Defendants.

5

against the employer, not individual employees whose actions would constitute a violation of the Act."). Recognizing the similarity between the statutory language of Title VII and the ADA, the Eleventh Circuit later extended its ruling in Busby to individual capacity claims brought under the ADA. Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996) ("[T]he Disabilities Act does not provide for individual liability, only for employer liability."); see also Mitchell v. City of Nahunta, No. CV 513-121, 2016 WL 1064566, at *6 (S.D. Ga. Mar. 14, 2016) ("Title VII and the ADA provide relief against an employer, not an individual employee whose actions allegedly constituted violations of these acts."); Robbins v. Chatham Cnty., 863 F. Supp. 2d 1367, 1377 (S.D. Ga. 2012) (dismissing individual capacity claims under Title VII). "Moreover, where a plaintiff has named [his] employer as a defendant, a supervisory employee named as an agent of the employer (i.e., sued in her official capacity) may properly be dismissed, as any recovery will be obtained from the employer, making the supervisor an unnecessary party to the suit." Hicks v. Gunter, No. CV 112-164, 2013 WL 504651, at *2 (S.D. Ga. Jan. 9, 2013), *report and recommendation adopted*, No. CV 112-164, 2013 WL 504648 (S.D. Ga. Feb. 8, 2013).

Put simply, Defendants Alexander, Frazier, and Bache were not Plaintiff's employer, and consequently, Plaintiff cannot sue them under Title VII or the ADA. Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's Title VII and ADA claims against Defendants Alexander, Frazier, and Bache.

### III. Plaintiff's Title VII Claims Against King & Prince Seafood

"It shall be an unlawful employment practice for an employer" "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Here, Plaintiff does not allege that Defendants discriminated against him based on his race, color, religion, sex, or national origin. Thus, Plaintiff fails to make even a plausible suggestion that he is entitled to relief pursuant to

Title VII.  Instead, Plaintiff asserts he was terminated after committing an alleged safety violation.  (Doc. 8-1, p. 6.)  Indeed, the form Plaintiff used to file his Amended Complaint directs Plaintiff to "check all that apply" to the following forms of discrimination: "race", "color", "gender/sex", "religion", "national origin", "age", and "disability or perceived disability."  (Id. at p. 4.)  Plaintiff only selected "disability or perceived disability" and left blank the boxes corresponding to the other forms of discrimination.  Moreover, in his Charge of Discrimination filed with the Equal Employment Commission ("EEOC"), Plaintiff states the discriminatory actions Defendants allegedly undertook were based upon Plaintiff being "regarded as disabled", (doc. 8-1, p. 25), not on the basis of Plaintiff's membership in any other protected class.

At most, Plaintiff alleges that Defendant Bache defamed him by calling Plaintiff a homosexual.  (Doc. 8-1, p. 5.)  Plaintiff's characterization of that statement as defamatory indicates that he is not homosexual.  However, even if he is homosexual, Plaintiff sets forth no facts indicating that King & Prince Seafood fired him because he is homosexual or otherwise discriminated against him because he is homosexual.[3]  Furthermore, Plaintiff provides no facts to support any allegations that Defendant Bache harassed him.  Such conclusory allegations cannot survive even this early stage of review.  Twombly, 550 U.S. at 555

In short, Plaintiff sets forth no allegations, much less plausible facts, that Defendant King & Prince Seafood's actions toward him were motived by his race, color, religion, sex, or national origin.  See 42 U.S.C. § 2000e-2(m).  Additionally, Plaintiff does not assert that a member of a protected class, of which he is not a member, was treated differently or better than he was on the

---

[3] As another district court in this Circuit has explained, "[t]raditionally, courts in this [C]ircuit have held that Title VII does not provide a remedy for discrimination based on sexual orientation." Smith v. City of Pleasant Grove, No. 2:16-CV-00373-JEO, 2016 WL 5868510, at *5 (N.D. Ala. Oct. 7, 2016). However, courts have sanctioned Title VII claims sounding in discrimination based on failure to conform to sex and gender stereotypes. See id. This Court need not wade into these questions in this case, as Plaintiff has not plausibly alleged that Defendants discriminated against him based on any sexual orientation or any failure to conform to sex or gender stereotypes.

basis of a protected status. In sum, Plaintiff fails to set forth a viable Title VII claim, and the Court should **DISMISS** these claims.

## IV. Plaintiff's ADA Claims Against King & Prince Seafood

The ADA prohibits discrimination in the form of discharge from employment or other terms of employment "against a qualified individual on the basis of disability". 42 U.S.C. § 12112(a). "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Disability is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). Being regarded as having such an impairment "shall not apply to impairments that are transitory [i.e., less than six months' time] and minor." 42 U.S.C. § 12102(3).

Plaintiff has arguably set forth sufficient facts indicating that he was perceived as having a disability. Though it is not clear, he appears to allege that Bache and his coworkers believed that Plaintiff had HIV. (Doc. 8-1, pp. 5, 25.) However, he fails to plausibly allege that Defendant King & Prince Seafood discriminated against him on the basis of that perceived disability. See 42 U.S.C. §§ 12112(a) & 12102(1). Plaintiff never directly alleges that King & Prince Seafood terminated him due to his perceived disability. In his form Complaint, Plaintiff states that his disability or perceived disability was the removal of his tonsils, not HIV.[4] (Doc. 8-

---

[4] To the extent that Plaintiff attempts to make an ADA claim based on the removal of his tonsils, he has not presented sufficient allegations in support of that claim. At most, he alleges that this was a temporary condition, and he makes no indication that the condition severely limited any of his major life activities. See Doughtie v. Ashland, Inc., No. 03-2073 ML/AN, 2005 WL 1239286, at *8 (W.D. Tenn. May 24, 2005) ("Plaintiff points to no evidence in the record to show that Mr. Brooks's tonsillitis substantially limited one or more of his major life activities, that he had a record of such an impairment, or that he was regarded as having such an impairment. Accordingly, Plaintiff cannot establish a prima facie case of disability discrimination."); Bey v. Brooklyn Ctr. Hotel, Ltd., No. CIV. 00-458 DWF/AJB, 2001 WL

8

1, p. 4.) Plaintiff does not state anywhere else in his Amended Complaint that he was terminated due to a perceived disability. Additionally, Plaintiff does not state that the decision maker who ultimately terminated him perceived him to have a disability. Rather, he only states in his Complaint that he was notified that William Frazier in the Human Resources Department terminated Plaintiff's position.

Moreover, to state a claim of harassment under the ADA, Plaintiff must establish the following: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment, and thus, created a discriminatorily abusive work environment; and (5) Defendant King & Prince Seafood is responsible for that environment under a theory of either direct or vicarious liability. Gilliard v. Georgia Dep't of Corr., 500 F. App'x 860, 868 (11th Cir. 2012). Plaintiff's most inculpatory statement on this front is the following from his charge of discrimination, "Upon my return to work I was subjected to harassment from my Supervisor John Bache and coworkers in regards to having the perceived disability of HIV and STD's which I do not have." (Doc. 8-1, p. 25.) However, Plaintiff provides no facts whatsoever regarding this harassment. He does not even state what form of harassment he suffered. Again, Plaintiff cannot state a plausible claim by merely formulaically reciting the elements of a cause of action. Twombly, 550 U.S. at 555. Furthermore, Plaintiff alleges no facts that could plausibly indicate that any harassment by Bache or his coworkers was sufficiently severe or pervasive or that Defendant King & Prince could be held responsible for the harassment.

---

567825, at *3 (D. Minn. May 23, 2001) ("However, because of the temporary nature of Mr. Bey's condition, the Court cannot find that his tonsillar and palatal difficulties constitute a 'disability' under . . . the ADA.").

In short, Plaintiff does not set forth sufficient facts that Defendant King & Prince discriminated against him based upon a perceived disability. Thus, the Court should **DISMISS** all of Plaintiff's ADA claims.

## V.     Plaintiff's State Law Claims

To the extent Plaintiff contends Defendant Bache's actions are defamatory and caused him emotional distress, Plaintiff sets forth putative state law claims. "[I]n any civil action of which the district courts have original jurisdiction," district courts also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). "The dismissal of [Plaintiff's] underlying federal question claim does not deprive the court of supplemental jurisdiction over the remaining state law claims." Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Instead, pursuant to 28 U.S.C. § 1367(c), "the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the court has dismissed all claims over which it had original jurisdiction, but the court is not required to dismiss the case." Id. "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Id. at 1353.

While the Court has the discretion to retain jurisdiction over state law claims after dismissal of federal claims, the law cautions against doing so. Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (in its discretion, the district court may dismiss state law claims after dismissing federal claims; "[m]ore specifically . . . if the federal claims are dismissed prior to trial, [United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)] strongly encourages or even requires dismissal of state claims") (quotes and cite omitted); accord Granite State Outdoor Advertising, Inc. v. Cobb Cnty., Ga., 193 F. App'x 900, 907 (11th Cir. 2006). When exercising its discretion, the court takes into consideration that, "state courts, not federal courts, should be

the final arbiters of state law." Ingram v. Sch. Bd. of Miami-Dade Cnty., 167 F. App'x 107, 108 (11th Cir. 2006); see also Hicks v. Moore, 422 F.3d 1246, 1255 n.8 (11th Cir. 2005) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") (internal quotation and citation omitted); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Consequently, to the extent that Plaintiff has brought any state law claims, the Court should decline to retain jurisdiction and **DISMISS** the state law claims **WITHOUT PREJUDICE**.

## VI. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[5] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

---

[5] A certificate of appealability is not required in this civil action.

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Reliastar and Voya and all of Plaintiff's putative state law claims. The Court should also **DISMISS** all of Plaintiff's Title VII and ADA claims for failure to state a claim. Additionally, I **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis* and **DIRECT** the Clerk of Court to **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation is to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA